## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| **TIMOTHY M. FLANNERY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:19-cr-0115** |
| | ) | |
| **CHIEF JUSTICE RHYS S. HODGE,** | ) | |
| **ASSOCIATE JUSTICE MARIA M. CABRET,** | ) | |
| **ASSOCIATE JUSTICE IVE A. SWAN,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**APPEARANCES:**

**TIMOTHY FLANNERY, PRO SE**
THE VILLAGES, FL
    FOR THE PLAINTIFF,

**PAUL L. GIMENEZ, ESQ.**
GENERAL COUNSEL
JUDICIAL BRANCH OF THE GOVERNMENT OF THE VIRGIN ISLANDS
ST. THOMAS, VI
    FOR THE DEFENDANTS.

## MEMORANDUM OPINION

**MOLLOY, <u>Chief Judge.</u>**

**THIS MATTER** comes before the Court on the Motion to Dismiss filed by the Defendants on January 6, 2020. (ECF No. 6.) Because the Court concludes that Defendants are entitled to legislative immunity in their roles promulgating the rules governing professional conduct for attorneys, the Court will grant the motion to dismiss.

## I. FACTUAL BACKGROUND

The instant motion stems from a dispute regarding the attorney disciplinary process regulated by the Supreme Court of the Virgin Islands and the Virgin Islands Bar Association.

Plaintiff Timothy M. Flannery ("Plaintiff") alleges in his complaint that he submitted multiple grievances to the Virgin Islands Supreme Court alleging attorney misconduct between December 15, 2014, and March 20, 2017, under Virgin Islands Supreme Court Rule 207.15(j). (ECF No. 1 at 2.) Plaintiff submitted his first grievance on December 15, 2014, the disposition of which, he alleges, warranted an appeal. *Id.* Plaintiff asserts he was 'barred' from appealing the outcome under Supreme Court Rule 207.15(h). *Id.* at 3.

Plaintiff further alleges that a second grievance was submitted on December 3, 2015. *Id.* Plaintiff alleges that upon inquiring about its status, Plaintiff was given the impression that Chief Justice Rhys s. Hodge ("Chief Justice Hodge") was not made aware of the grievance. *Id.* Upon resolution of the grievance, Plaintiff states he was, again, barred from appeal. Plaintiff makes similar allegations regarding a third grievance submitted on March 20, 2017. *Id.*

On October 9, 2019, Plaintiff asserts that he submitted an application to transfer a civil case to the Supreme Court docket. *Id.* Plaintiff states that he "was told the Supreme Court was waiting for some paperwork from the Superior Court," and that "any defects would not delay docket." *Id.* Plaintiff asserts that he believes that Chief Justice Hodge was not informed of the civil case, and that the delay was "because [P]laintiff made mention of Rule 207.15(j)." *Id.*

On December 2, 2019, Plaintiff commenced the instant action against Chief Justice Hodge, Associate Justice Maria M. Cabret ("Justice Cabret"), and Associate Justice Ive A. Swan ("Justice Swan") (collectively "Defendants") in their individual and official capacities. In his complaint, Plaintiff alleges that Defendants have acted in "bad faith." *Id.* at 4. Plaintiff appears

to allege that the inability to appeal disciplinary decisions and the acts that generally constitute the enforcement of disciplinary procedure have violated his rights under the First and Fourteenth Amendment. *Id.*

Plaintiff asserts that he paid approximately $200,000 in "questionable attorney fees." *Id.* at 4. However, Plaintiff has not requested damages in that amount, and instead seeks declaratory judgment, attorney fees, trial by jury, and other relief as the Court deems appropriate. *Id.*

Plaintiff filed the instant complaint alleging a violation of 42 U.S.C. § 1983. Defendants moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II.  LEGAL STANDARD

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint "in the light most favorable to the plaintiff." *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). The Court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the non-moving party. *Alston v. Parker*, 363 F.3d 229, 233 (3d Cir. 2004). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) cert. denied, 562 U.S. 1271 (2011). *Id.*

The United States Supreme Court set forth the "plausibility" standard for overcoming a motion to dismiss in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), and refined this approach in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The plausibility standard requires the complaint to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A complaint satisfies the plausibility standard when the factual pleadings "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." *Id*. A complaint which pleads facts "'merely consistent with' a defendant's liability, ... 'stops short of the line between possibility and plausibility of "entitlement of relief.'" *Id*. (citing *Twombly*, 550 U.S. at 557).

To determine the sufficiency of a complaint under the plausibility standard, the Court must take the following three steps:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Santiago v. Warminster Twp*., 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 674, 679).

In resolving motions pursuant to 12(b)(6), the Supreme Court has directed that *pro se* pleadings are to be liberally construed. *Haines v. Kerner,* 404 U.S. 519, 520 (1972). Accordingly, the court should dismiss a *pro se* complaint only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle

*Flannery v. Hodge et al.*
Case No. 3:19-cv-0115
Memorandum Opinion
Page **5** of **8**

him to relief." *McDowell v. Delaware State Police*, 88 F.3d 188, 189 (3d Cir.1996)(quotations

omitted). However, dismissal of *pro se* complaints remains warranted when such complaints

contain only vague and conclusory allegations of unconstitutional conduct. *Julien v. Comm. of*

*Bar Exam'rs for the Practice of Law*, 923 F. Supp. 707, 713 (D.V.I. 1996)(citing *Ross v.*

*Meagan,* 638 F.2d 646, 650 (3d Cir. 1981)).

### III.  DISCUSSION

Defendants argue that, among many other reasons, Plaintiff's complaint should be

dismissed because the allegations involve judicial acts protected by absolute immunity. The

Court agrees that Defendants' acts are protected by absolute immunity. However, the Court

finds that the immunity stems from legislative, rather than judicial immunity.

Judicial immunity is an absolute immunity for all acts performed in a judge's judicial

capacity, except those "taken in the complete absence of all jurisdiction. " *Mireles v. Waco*,

502 U.S. 9, 11 (1991)(superseded by statute on other grounds). "[J]udicial immunity is an

immunity from suit, not just from ultimate assessment of damages . . . . It is not overcome by

allegations of bad faith or malice, the existence of which ordinarily cannot be resolved

without engaging in discovery and eventual trial." *Id.* at 12. Notwithstanding the above,  the

common law doctrine of absolute judicial immunity does not bar actions for declaratory

judgment. *See Pulliam v. Allen*, 466 U.S. 522 (1984); *see also* 42 U.S.C. § 1983 ("[I]n any action

brought against a judicial officer for an act or omission taken in such officer's judicial

capacity, injunctive relief shall not be granted unless a declaratory decree was violated or

declaratory relief was unavailable.")

*Flannery v. Hodge et al.*
Case No. 3:19-cv-0115
Memorandum Opinion
Page **6** of **8**

In a case closely analogous to the one at hand, the Supreme Court of the United States considered whether the Supreme Court of Virginia and its justices were immune from judgment under the doctrine of judicial immunity when addressing disciplinary matters. *Supreme Court v. Consumers Union of United States*, 446 U.S. 719 (1980) (superseded by statute on other grounds). Plaintiffs, in that case, brought suit against Defendants, the Virginia Supreme Court and its chief justice, seeking a declaration that the strict prohibition against advertising in the Virginia Code of Professional Responsibility violated Plaintiffs' First and Fourteenth Amendment rights. *Id.* at 725. The lower court awarded attorneys' fees against Defendants for their failure or refusal to amend the disciplinary code. *Id.* at 721. Defendants appealed, stating that they were immune from damages due to absolute judicial immunity. *Id.* at 730.

The Court held that Defendants were indeed immune from suit but, instead, based on absolute legislative immunity. The Court found that the Virginia Court was acting in its legislative capacity when promulgating disciplinary rules. *Id.* at 721. Reasoning that the Supreme Court of Virginia claimed, "inherent power to regulate the bar," the Court further stated:

> Disciplinary rules are rules of general application and are statutory in character. They act not on parties litigant but on all those who practice law in Virginia. They do not arise out of a controversy which must be adjudicated, but instead out of a need to regulate conduct for the protection of all citizens. It is evident that, in enacting disciplinary rules, the Supreme Court of Virginia is constituted a legislature.

*Id.* at 731.

The Court stated that, as the Virginia Court was acting as a legislature, they were afforded the broader protection of legislative immunity, which immunized them from suit

for all legislative actions. *Id.* ("[L]egislators engaged 'in the sphere of legitimate legislative activity,' . . . should be protected not only from the consequences of litigation's results but also from the burden of defending themselves.")(citing *Tenney* v. *Brandhove*, 341 U.S. 367, 376 (1951)).

Furthermore, the Court held that legislative immunity does not "distinguish between actions for damages and prospective relief." *Id.* at 733. Therefore, to the extent that Defendants were acting as in a legislative capacity, Defendants were protected against declaratory relief. *Id.* ("[A] private civil action, whether for an injunction or damages, creates a distraction and forces [legislators] to divert their time, energy, and attention from their legislative tasks to defend the litigation." (citing *Eastland* v. *United States Servicemen's Fund*, 421 U.S. 491, 502-503 (1975))(internal quotations omitted)); *see also Baraka v. McGreevey*, 481 F.3d 187, 202 (3d Cir. 2007)(finding that "in appropriate cases legislative immunity can apply to claims for declaratory and injunctive relief against officials in their official capacities"); *Goodwin v. Castille*, 465 F. App'x 157, 161 (3d Cir. 2012)("Legislative immunity is a bar to claims for injunctive and declaratory relief").

Here, Plaintiff claims that Defendants' enforcement of the rules governing attorney discipline has violated his constitutional rights. Plaintiff specifically cites that the rules which abrogate his "right to appeal" and "right to petition." As in *Consumer's Union*, the Virgin Islands Supreme Court has "exclusive jurisdiction to regulate the admission of persons to the practice of law and the discipline of persons admitted to the practice of law." 4 V.I.C. § 32(e). They are empowered, by statute, to amend, or decline to amend, the disciplinary code at their discretion.

*Flannery v. Hodge et al.*
Case No. 3:19-cv-0115
Memorandum Opinion
Page **8** of **8**

As a result, in promulgating the disciplinary code, the Virgin Islands Supreme Court and its justices exist in a legislative capacity. Therefore, Defendants are absolutely immunized from suit for any claim stemming from legislative actions. Plaintiff effectively takes issue with the content of the rules themselves. The drafting and amendment of those rules are performed within Defendants' legislative capacity. Accordingly, Defendants' actions are protected by absolute legislative immunity.[1] As such, Defendants are immunized from suit and from all forms of relief, including the declaratory relief sought.[2]

## IV. CONCLUSION

Defendants are immunized from all alleged claims due to legislative immunity. Thus, Plaintiff has failed to state a claim upon which relief may be granted. Accordingly, Defendants' motion to dismiss is granted. An appropriate order follows.

**Dated:** February 16, 2022

/s/_____
**ROBERT A. MOLLOY**
**Chief Judge**

---

[1] Plaintiff argues that Defendants are not immunized based on the standards for qualified immunity. (ECF No. 10 at 13.) As discussed, Defendants are subject to absolute immunity, not qualified immunity. Therefore, this argument is moot.

[2] Defendants have asserted several other bases upon which they allege this complaint should be dismissed. However, because the Court has determined that Defendants are entitled to absolute immunity and are therefore not liable for their actions taken in a legislative capacity, the Court finds it unnecessary to address Defendants' remaining arguments.